UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN KEYSHONE ROLLEN, | No. 2:24-cv-1303 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| A. HICKS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has also filed a motion for a temporary restraining order or preliminary injunction. ECF No. 7.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Complaint

### A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

      B.      Allegations

The complaint alleges that plaintiff's right to access the courts was violated when plaintiff handed defendant Hicks legal paperwork for copying, and it was never returned. ECF No. 1 at 6. The paperwork was related to a disciplinary matter, and plaintiff need the copy "for a civil deadline." Id. Plaintiff's civil claim was time barred as a result of defendant's failure to "correct her misconduct." Id.

      C.      Failure to State a Claim

An inmate's constitutional right to access the courts covers only limited types of cases: direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. Lewis v. Casey, 518 U.S. 343, 354 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he "suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351 (plaintiff must explain how the defendant's acts or omissions hindered his efforts to pursue a nonfrivolous legal claim). "[T]he complaint should [also] state the underlying claim in

3

accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." Christopher, 536 U.S. at 417-18 (footnote omitted).

Although plaintiff appears to allege that a civil claim was rendered untimely due to defendant's conduct, he provides no facts regarding the underlying claim that would allow the court to determine whether he was pursuing the type of case that would be covered by the constitution. Exhibit A to the complaint, to which plaintiff cites with reference to his allegation that he was time-barred, is a decision of CDCR's Office of Appeals which appears to relate to the present allegations against Hicks but does not relate to any civil lawsuit that was found by a court to be time-barred. ECF No. 1 at 6, 9. Even assuming that plaintiff was pursuing a habeas petition or civil rights action related to a disciplinary violation, plaintiff provides no facts regarding the basis for such a claim from which the court can find that it was nonfrivolous.

   D.   Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

1  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended
2  complaint, the original complaint no longer serves any function in the case.  Therefore, in an
3  amended complaint, as in an original complaint, each claim and the involvement of each
4  defendant must be sufficiently alleged.

5        III.      Motion for Temporary Restraining Order or Preliminary Injunction

6        Plaintiff alleges that defendant Hicks and two non-defendant officers, all employed at
7  different prisons, are retaliating against him and requests that they be ordered to stop.  ECF No. 7.
8        "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
9  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
10 balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
11 Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The standard for issuing a
12 temporary restraining order is essentially the same as that for issuing a preliminary injunction.
13 Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating
14 that the analysis for temporary restraining orders and preliminary injunctions is "substantially
15 identical").

16       Because plaintiff has not stated any viable claims, he cannot show any likelihood of
17 success on the merits.  Furthermore, a district court has no authority to grant relief in the form of
18 a preliminary injunction where it has no jurisdiction over the parties.  Ruhrgas AG v. Marathon
19 Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the
20 jurisdiction of a district . . . court, without which the court is powerless to proceed to an
21 adjudication." (alteration in original) (citation and internal quotation omitted)).  To the extent
22 plaintiff seeks relief from defendant Hicks, she has not been served.  See Zepeda v. United States
23 Immigr. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an
24 injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the
25 claim; it may not attempt to determine the rights of persons not before the court.").  To the extent
26 he seeks an injunction against non-defendants, the court does not have jurisdiction over those
27 individuals unless plaintiff provides facts showing that they are acting "in active concert or
28 participation" with the defendant.  Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine

Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts, and even if he had, defendant has not been served.

For these reasons, the motion for temporary restraining order or preliminary injunction should be denied.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. To state a claim for denial of your right of access to the courts, you need to explain what kind of court case you were trying to bring, what the specific claim was in that case, and how the defendant's actions caused the case to be time-barred. You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

////

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for temporary restraining order or preliminary injunction (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 12, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE