UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN KEYSHONE ROLLEN, | No. 2:24-cv-1303 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. HICKS, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. After the original complaint was screened and found to not state any claims for relief, plaintiff was given an opportunity to file an amended complaint. ECF No. 8. Plaintiff has now filed a first amended complaint. ECF No. 23.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.   Factual Allegations of the First Amended Complaint

The first amended complaint alleges that defendants Bruns and Hicks violated plaintiff's right to access the courts. ECF No. 23. Specifically, plaintiff alleges that on November 18, 2018, Bruns wrote him up for a disciplinary violation of which he was later found guilty. Id. at 6. He appealed through the grievance system and his grievance was granted because video surveillance footage showed no indecent exposure. Id. On March 7, 2022, plaintiff asked Hicks to make copies of his PREA complaint but she never returned his grievance paperwork, causing him to miss his "civil deadline" and the video footage showing her at his cell door taking his grievance was destroyed. Id. at 6-8.

III.  Failure to State a Claim

As plaintiff was previously advised, an inmate's constitutional right to access the courts covers only limited types of cases: direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. Lewis v. Casey, 518 U.S. 343, 354 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he "suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. "[T]he complaint should [also] state the

underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." Christopher, 536 U.S. at 417-18 (footnote omitted).

As in the original complaint, plaintiff makes only a vague and conclusory assertion that Hicks caused him to miss his "civil deadline" and be "shut out of court." He once again fails to provide any facts regarding the underlying claim that would allow the court to determine whether he was pursuing the type of case that would be covered by the constitution. Even assuming that plaintiff was pursuing a habeas petition or civil rights action related to the disciplinary violation or his PREA complaint, plaintiff provides no facts regarding the basis for his claim from which the court can find that it was nonfrivolous. With respect to the new allegations against Bruns, it is unclear how the claim against Bruns is related to that against Hicks, particularly considering the nearly three-and-a-half-year-gap between the incidents. Moreover, there are no facts showing that Bruns' conduct denied plaintiff access to the courts, and even if the court assumes the disciplinary charges were false, false statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 28 U.S.C. § 1983. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations.").

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given the lack of additional facts to support the claims against Hicks, and the nature of the equally vague and conclusory allegations against Bruns, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be

dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because you have not alleged facts showing that your right to access the courts was violated.

In accordance with the above, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE