UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN KEYSHONE ROLLEN,<br><br>    Plaintiff,<br><br>v.<br><br>A. HICKS,<br><br>    Defendant. | No. 2:24-cv-01303-TLN-AC<br><br>**ORDER** |

    Plaintiff Van Keyshone Rollen ("Plaintiff") filed the above-entitled action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    By findings and recommendations filed January 3, 2025, the magistrate judge recommended that the First Amended Complaint be dismissed without further leave to amend and gave Plaintiff twenty-one days to file objections. (ECF No. 25.) The deadline to file objections was later extended at Plaintiff's request (ECF Nos. 26, 27), but Plaintiff failed to file timely objections. The findings and recommendations were adopted in full by this Court on April 18, 2025. (ECF No. 28.) Pursuant to the Court's April 18, 2025 Order, this action was dismissed, the case was closed, and judgment was entered the same day. (ECF Nos. 28, 29.) On May 14, 2025,

Plaintiff filed the instant motion for reconsideration.[1]  (ECF No. 25.)

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)).  The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]."  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (citations omitted).  "Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."  *Id.*  Since Plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff seeks reconsideration of the Court's April 18, 2025 Order dismissing the First Amended Complaint without leave to amend on the grounds that he was "in the hole without access to the courts" and that he would like to amend the complaint to fix the defects.  (ECF No. 30.)  However, Plaintiff fails to demonstrate that he would be capable of fixing the defects in the First Amended Complaint such that reconsideration would be warranted.  Moreover, the attached documentation shows that Plaintiff was not placed into restrictive housing until four days before the deadline to file objections to the findings and recommendations expired.  (*See* ECF No. 27 (extending deadline to file objections to March 24, 2025); ECF No. 30 at 3 (Plaintiff was moved

---

[1]  Since Plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

to restricted housing March 20, 2025)). Plaintiff does not offer any elaboration on how he was denied access to the courts while in restricted housing, nor does he attach a copy of any objections he may have been working on or otherwise demonstrate that he would have been prepared to file objections by the deadline but for his placement in restricted housing.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 30) is DENIED and this case remains closed.

IT IS SO ORDERED.

Date: May 29, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE